FILED

2017 JUN -8 AM 10: 29

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARY ANN PITTMAN,

        Plaintiff,

vs.

CASE NO.: 3:17-cv-645-J-34JBT

JOHNSON & JOHNSON
VISION CARE, INC.

        Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, MARY ANN PITTMAN, by and through her undersigned attorney, and files this Complaint against Defendant JOHNSON & JOHNSON SERVICES I, INC., and in support thereof states the following:

### PARTIES, JURISDICTION AND VENUE

1. This is an action for damages resulting from violations of Title VII of the Civil Rights Act of 1964 ("Title VII,"), 42 USC § 2000e, et. seq.

2. This is an action for damages resulting from violations of the Florida Civil Rights Act ("FCRA,") Chapter 760, Fla. Stat.

3. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 8, 2016.

4. Plaintiff's Charge of Discrimination was dual-filed with the Florida Commission on Human Relations ("FCHR") pursuant to the EEOC and FCHR's worksharing agreement.

5. This is an action for damages in excess of $15,000.00.

1

6. At all times material, Defendant was a Florida Profit Corporation conducting business in Duval County, Florida. This Court has personal jurisdiction over Defendant.

7. At all times material, Defendant was an employer as defined by Title VII of the Civil Rights Act, 42 USC § 2000e

8. At all times material, Defendant was an employer as defined by the Florida Civil Rights Act. §760.02, Fla. Stat.

9. At all times material, Plaintiff maintained her residence in Duval County, Florida.

10. At all times material, Plaintiff was a person as defined by Title VII of the Civil Rights Act, 42 USC § 2000e

11. At all times material, Plaintiff was a person as defined by the Florida Civil Rights Act. §760.02, Fla. Stat.

12. The employment practices hereafter alleged to be unlawful took place in Duval County, Florida. This Court has subject matter jurisdiction over the transactions and occurrences alleged in this Complaint.

13. This Court has federal question jurisdiction to address Plaintiff's federal claims, pursuant to 28 USC § 1331.

14. This Court has supplemental jurisdiction to address Plaintiff's state claims, pursuant to 28 USC § 1367.

15. Venue is proper in this Court.

## ADMINISTRATIVE PREREQUISITES

16. A Dismissal and Notice of Right to Sue was issued by the EEOC on March 15, 2017.

17. This Complaint has been filed within 90 days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

18. Plaintiff's charge has been pending with the FCHR for more than 180 days, and the Commission has not issued a determination.

19. Plaintiff has complied with all administrative prerequisites and conditions precedent for filing suit under Fla. Stat. 760 et. seq., and this lawsuit is timely filed.

## GENERAL ALLEGATIONS

20. Plaintiff was hired by Defendant in 1983.

21. Since beginning her career with Defendant, Plaintiff received very good reviews and significant recognition for having excelled in the jobs to which she has been assigned.

22. Plaintiff earned a Bachelor's degree in Engineering, as well as two Master's degrees, one in Material Science and Engineering, and the other in Operations Management. Both of the Master's Degrees were from the Massachusetts Institute of Technology (MIT).

23. Since 2005, Plaintiff has worked at the Senior Director level with Defendant. For the majority of this time, Plaintiff has been rated by Defendant as "ready now," a designation that Defendant uses to signal readiness for promotion, to be promoted to a Vice President position.

24. When the Vice President position of Product Management for which Plaintiff was rated as "ready now" became open in October 2015, Plaintiff assumed that she would be a candidate.

25. Plaintiff worked in the supply chain division of Defendant, which the Vice President of Product Management position would oversee, and had been groomed for the position.

26. Plaintiff reached out to the hiring manager, who informed her that she would be given "full consideration" for the position.

27. As the hiring decision neared, however, Plaintiff was told by the same hiring manager that she would not be interviewed because she lacked the necessary experience working with other "franchises" of the Defendant.

28. The reason Plaintiff was given for not being interviewed was not accurate, and a male peer who actually did lack experience in other franchises was interviewed.

29. The male who was eventually selected for the position in question has far less experience with Defendant, less supply chain experience, has one fewer advanced degrees than Plaintiff, and less (if any) experience as a Senior Director.

30. Plaintiff initiated the internal appeals process offered by Defendant, during which she was provided inconsistent and factually incorrect reasons for her non-selection for the interview and promotion.

31. The Vice President of Product Management role has been opened and filled in the Consumer Medical Device division three times in the past four years, each time by a male. On each of the three occasions, Plaintiff was provided no opportunity to interview for the position.

32. Plaintiff was denied the promotion to the Vice Presidency fo Product Management, based on gender.

**COUNT I: VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT**

33. Plaintiff re-alleges paragraphs 1, 3, 5-7, 9-10, 12-13, 15-17, and 20-32 as if fully set forth here.

34. Defendant discriminated against Plaintiff when it failed to promote her to the

position of Vice President due to her gender.

35. In discriminating against Plaintiff on the basis of gender, Defendant acted with malice or reckless disregard for Plaintiff's protected rights.

36. As a direct and proximate result of Defendants' violation of Title VII of the Civil Rights Act, Plaintiff has suffered lost wages and benefits, severe emotional distress, emotional pain, suffering, inconvenience, mental anguish and non-pecuniary losses.

WHEREFORE, Plaintiff respectfully requests a jury trial on all issues and relief as follows:

    a. Compensation for all compensatory damages allowed by law, including pain, suffering, and emotional distress;

    b. Payment for future lost wages and damages;

    c. An award of reasonable attorney's fees and costs;

    d. Pre- and post-judgment interest; and

    e. Such other additional equitable and legal relief as may be just and proper.

### COUNT II: VIOLATIONS OF THE FLORIDA CIVIL RIGHTS ACT

37. Plaintiff re-alleges paragraphs 2-6, 8, 9, 11-17, and 18-32 as if fully set forth here.

38. Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her gender.

39. In discriminating against Plaintiff on the basis of gender, Defendant acted with malice or reckless disregard for Plaintiff's protected rights.

40. As a direct and proximate result of Defendants' violation of the Florida Civil Rights Act, Plaintiff has suffered lost wages and benefits, severe emotional distress, emotional

pain, suffering, inconvenience, mental anguish and non-pecuniary losses.

WHEREFORE, Plaintiff respectfully requests a jury trial on all issues and relief as follows:

- a. Compensation for all compensatory damages allowed by law, including pain, suffering, and emotional distress;
- b. Payment for future lost wages and damages;
- c. An award of reasonable attorney's fees and costs;
- d. Pre- and post-judgment interest; and
- e. Such other additional equitable and legal relief as may be just and proper.

## JURY TRIAL DEMAND

41. Plaintiff hereby demands a trial by jury on all issues so triable in this action.

Respectfully submitted this 8th day of June, 2017,

/s/ T.A. "Tad" Delegal, III
**DELEGAL LAW OFFICES, P.A.**
T.A. Delegal, III
FL Bar No. 0892701
James C. Poindexter
FL Bar No. 116039
424 East Monroe Street
Jacksonville, FL 32202
Phone (904) 633-5000
Facsimile (904) 358-2850
Email: tad@delegal.net
Email: james@delegal.net
Alternate: office@delegal.net
Attorneys for Plaintiff