IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARY PITTMAN,

      Plaintiff,                        CASE NO.: 3:17-cv-000645-MMH-JBT

vs.

JOHNSON & JOHNSON
SERVICES, INC.

      Defendant.
_____/

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S REPLY
OR IN THE ALTERNATIVE FOR LEAVE TO FILE SUR-REPLY**

COMES NOW the Plaintiff, by and through the undersigned attorneys of record and files this motion to strike Defendant Johnson & Johnson Vision Care, Inc.'s Reply to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment [Doc. 30], or in the alternative, for leave to file a sur-reply brief. In support thereof, Plaintiff states the following:

1. Defendant filed a motion for leave to file a reply to Plaintiff's response "strictly limited to clarifying the law and the record." [Doc. 26, at 1] This Court granted Defendant's motion for leave on February 26, 2019. [Doc. 28]

2. Defendant attached to its reply brief a document it purports to show that Plaintiff's readiness rating had in fact been changed after the May 2015 readiness meeting. [Doc. 30-1] In doing so, Defendant alleges that Plaintiff "misled this Court regarding the facts in this case in an attempt to establish pretext." [Doc. 30, at 2]

3. Doc. 30-1 constitutes inadmissible hearsay because the only witness to testify regarding the document in discovery had no personal knowledge as to the authenticity of the

document, or whether it was merely a draft. The content of Doc. 30-1 also reveals that it is not a legitimate document for the purposes Defendant has cited.

4. Plaintiff requests that this Court strike from the reply brief the portions addressing Doc. 30-1, or in the alternative, the opportunity to file a sur-reply address the full context of the document relied upon by Defendant in its reply brief.

5. Pursuant to Local Rule 3.01(g), the undersigned conferred with counsel for Defendant regarding the request to file a sur-reply, and counsel for Defendant has advised that she objects to the filing of a surreply brief.

## MEMORANDUM OF LAW

**I.     Motion to Strike Reply and Exhibit**

Under Rule 12(f), Fed.R.Cov.P. the Court may order stricken from any pleading any redundant, immaterial, impertinent, or scandalous matter upon motion by any party. *See Pashoian v. GTE Directories*, 208 F. Supp. 2d 1293, 1295 (M.D. Fla. 2002); *Thomas v. Ala. Council on Human. Rels., Inc.,* 248 F. Supp. 2d 1105 (M.D. Ala. 2003). Due to the fact that the Court may only consider evidence that would be admissible at trial, the Court may not consider inadmissible hearsay when deciding a motion for summary judgment, and the court may strike the inadmissible portions. *See Id.*

Defendant attached several pages of a larger PowerPoint presentation to its reply brief.[1] To be admissible, documents must be authenticated by and attached to an affidavit that meets the

---

[1] The full document is 88 pages and can be found at Doc. 24-8 at 71-159. Doc. 30-1, p. 4 is found at Doc. 24-8, at 127, as part of the full Powerpoint document. While the single page referenced by Defendant shows Plaintiff as "Ready Later" and Ronnie Hawthore "Ready Now" for the vice president position, the very next page, Doc. 24-8 at 128, reflects Plaintiff as "VP1, RN," the same as Ronnie Hawthorne.

requirements of Rule 56(e), and the affiant must be a person through whom the exhibits could be admitted into evidence. *Saunders v. Emory Healthcare, Inc.*, No. 1:07-cv-0282-WSD, 2008 U.S. Dist. LEXIS 125526, at *16 (N.D. Ga. Dec. 30, 2008). Defendant provided no such affidavit, and the witness who sent the document by email was unable to authenticate it in deposition. Uncertified or otherwise inadmissible materials may only be considered on summary judgment if the opposing party has not challenged their usage, and courts in this Circuit typically refuse to consider evidence which is not authenticated and thus not competent for the purposes of summary judgment. *See Id.* citing *Burnett v. Stagner Hotel Courts, Inc.*, 821 F. Supp. 678, 683 (N.D. Ga. 1993). Federal courts have stricken attachments to summary judgment briefs that are hearsay and not verified by affidavits. *See Blundell v. Wake Forest Univ. Baptist Med. Ctr., No.* 1:03CV998, 2006 U.S. Dist. LEXIS 11713, at *14 (M.D.N.C. Mar. 15, 2006).

Defendant did not and cannot authenticate the record in question. Human resources representative, Christy MacLeod, who had attached the full Powerpoint document in an email to another employee, testified at deposition that she did not know if the Powerpoint deck containing Doc. 30-1 was a draft or a final product. [Doc. 24-7 at 95] Ms. MacLeod was also unable to explain precisely where the document in question was stored, instead explaining that the document was "likely" stored on the individual computers of the HR personnel involved with the document. *Id*.

The exhibit to Defendant's reply brief is not relevant to the proceedings in this case. The document at issue is part of a larger PowerPoint presentation, which was possibly reviewed by Defendant's Global Management Board ("GMB"). [Doc. 24-7 at 102:20-24] The promotional position in question is within Defendant's supply chain structure, which did not report to the GMB, and instead, a separate structure was used for succession planning for the supply chain. [Doc. 24-7

at 102-103; and 105] While it was possible that the GMB board cold provide feedback to supply chain (Doc. 24-7 at 105), no witness ever testified that such feedback had taken place for the position in question.[2]

Far from representing any change or modification to the succession planning process for Benson's supply management structure, Doc. 30-1 contains information almost entirely different from the succession planning document created in May 2015, and emailed to the succession planning participants a week later. Doc. 24-2 at 31. Little resemblance exists between the GMB document and the document created by Benson's team. Compare Doc. 30-1 at 4 to Doc. 24-2 at 42. The supply chain succession plan document (Doc. 24-2 at 42) lists Ronnie Hawthorne and Ann Pittman as "Ready Now," and Jeff Evans and Barry O'Sullivan "Ready Later." The GMB document lists Ronnie Hawthorne and Dave Turner as "Ready Now," with Steve Vincent and Plaintiff rated "Ready Later," and Paula Sheppard rated "Ready Future." Doc. 30-1. One employee was listed on both as an "emerging talent." There is no record testimony to support the conclusion that the GMB document reflected any revision to the success planning process, and the extreme differences between the two documents reflect the fact that Doc. 30-1 was either a very preliminary draft, or otherwise had no relationship to the succession planning process. Indeed, as explained in footnote one above, the PowerPoint deck is internally inconsistent as to Plaintiff's readiness status.

---

[2] The page presented by Defendant in 31-1 shows a star next to Pittman's name, which reflects that the "Ready Later" information was taken from her talent card. See Doc. 24-8 at 101 (explaining that the use of the star designation). Despite Benson's after-the-fact claims that he directed Plaintiff's rating to be changed before the promotion, Defendant concedes that Plaintiff's talent card was never physically changed (Doc. 21, at 12, n.7), which would prevent any designation on her talent card from designating Plaintiff as "Ready Later," further undermining the legitimacy of Doc. 30-1.

The PowerPoint slide in question is inadmissible hearsay. Defendant offers the PowerPoint slide as evidence that Ms. Pittman's readiness rating was changed from "Ready Now" to "Ready Later" after the alleged 2015 leadership meeting. Doc. 30 at 3. Defendant further offers the document to refute Plaintiff's claim that no documents reflected any supposed change in her readiness for promotion. *Id*. Doc. 30-1 is not competent evidence for either purpose. It is not a business record within the business records exception to the hearsay rule. Fed.R.Evid, 803(6). Defendant failed to provide any evidence regarding the creation of the PowerPoint including the name of the individual who created the record or from whom the information contained in the record was transmitted. No custodian of record, or other qualified witness certified that the conditions set forth in the rule were met as required by the rules of evidence. Internal and external inconsistencies establish that it was not connected to the promotional process at issue. As a result, Defendant's PowerPoint slide is inadmissible hearsay and should be stricken.

## II.     Motion for Leave of Court to File Sur-reply Brief

Should this Court not strike Doc. 30-1 and the portions of the reply brief regarding Doc. 30-1, the Court may, in its discretion, permit the filing of a sur-reply when a valid reason for such additional briefing exists. *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 Fed. Appx. 777, 788 (11th Cir. 2008). Here, Defendant's utilization of a new piece of evidence not previously addressed certainly constitutes an example of such a circumstance that warrants additional briefing.

In response to Defendant's motion for summary judgment, Plaintiff pointed out the obvious deficiency in Defendant's documentary evidence to support its assertion that any change had been made to Plaintiff's readiness rating in 2015. [Doc. 25 at 4.] Defendant's citation to an inadmissible and irrelevant document does not refute Plaintiff's assertion. Therefore, Plaintiff requires an

opportunity to provide this Court with complete context regarding the document at issue for this Court's consideration.

      RESPECTFULLY SUBMITTED this 15th day of March, 2019.

**DELEGAL LAW OFFICES, P.A.**

/s/ T.A. "Tad" Delegal, III
T.A. "Tad" Delegal, III
Fla. Bar No.: 892701
James C. Poindexter
Florida Bar No.: 0116039
424 East Monroe Street
Jacksonville, FL 32202
Telephone No.: (904) 633-5000
Facsimile No.: (904) 358-2850
Email: tad@delegal.net
Email: james@delegal.net
Secondary Email: office@delegal.net
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 15th day of March, 2019, I filed the forgoing via this Court's CM/ECF filing system, which will serve the foregoing on the following registered users electronically by email:

Anthony J. Hall, Esquire
Email: ajhall@littler.com
Kimberly J. Doud, Esquire
Email: kdoud@littler.com
LITTLER Mendelson, P.C.
111 North Magnolia Avenue, Suite 1250
Orlando, FL 32801-2366
Attorneys for Defendant

/s/ Tad Delegal
Tad Delegal