UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARY ANN PITTMAN,

    Plaintiff,

v.                                Case No. 3:17-cv-645-J-34JBT

JOHNSON & JOHNSON VISION
CARE, INC.,

    Defendant.
_____

# O R D E R

**THIS CAUSE** is before the Court on Defendant Johnson & Johnson Vision Care, Inc.'s, (Johnson & Johnson) Motion for Summary Judgment and Incorporated Memorandum of Law in Support Thereof (Doc. 21, Motion), filed February 1, 2019. The Plaintiff, Mary Ann Pittman (Pittman), opposed the Motion. See Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment (Doc. 25, Response to Motion), filed February 15, 2019. With leave of Court, Johnson & Johnson filed a reply. See Reply to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment (Doc. 30, Reply), filed March 11, 2019. On April 2, 2019, the undersigned referred the Motion to the Honorable Joel B. Toomey, United States Magistrate Judge, for the preparation of a report and recommendation regarding an appropriate resolution of the Motion for Summary Judgment. See Doc. 33. On May 28, 2019, the Magistrate Judge entered a Report and Recommendation (Doc. 35, Report), recommending that the Motion for Summary Judgment be granted. Pittman thereafter filed objections to the Report, see Amended Plaintiff's Exceptions and Objections to Magistrate's Report and

1

Recommendation as to Summary Judgment Motion (Doc. 39, Objections), to which Johnson & Johnson Responded, see Defendant's Response to Plaintiff's Exceptions and Objections to Magistrate's Report and Recommendation as to Summary Judgment Motion (Doc. 43, Response to Objections). Accordingly, this matter is ripe for review.

I. **Standard of Review**

The Court "may accept, reject, or modify, in whole or in part, the finding or recommendations by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007). Because, for the reasons that follow, the Court finds that the Objections are due to be overruled and the Report adopted as the Court's opinion, the Court will not repeat the factual and procedural history or the arguments and authority addressed in the Report. Instead, the Court writes briefly only to address Pittman's specific objections.

I. **Background**

Pittman brought this action against her employer, Johnson & Johnson, alleging the company discriminated against her on the basis of her gender when it failed to interview or select her for a Vice President of Product Management position at the company. See generally Complaint (Doc. 1), filed June 8, 2017. In the Report, the Magistrate Judge assumed, without deciding, that Pittman established a prima facie case of gender discrimination. See Report at 8-9. As such, he focused his analysis on whether Johnson

& Johnson presented a legitimate, non-discriminatory reason for selecting a male, James Conroy, instead of Pittman, and in turn, whether Pittman had "come forward with evidence . . . sufficient to permit a reasonable fact finder to conclude that the reasons given by [Defendant] were not the real reasons for the adverse employment decision." Report at 9-10 (citing and quoting Furcron v. Mail Centers Plus, LLC, 843 F.3d 1295, 1312, 1313-14 (11th Cir. 2016)). As to the first issue, the Magistrate Judge determined that Johnson & Johnson had articulated a legitimate, non-discriminatory reason for not selecting Pittman, "i.e., that the candidate selected was far more qualified for the Position." Id. at 9.

In evaluating Pittman's arguments and evidence on the issue of pretext, the Magistrate Judge observed that

> [r]egarding failure to promote claims, the Eleventh Circuit has stated:
> > In the context of a promotion, a plaintiff cannot prove pretext by simply arguing or even by showing that he was better qualified than the [person] who received the position he coveted. . . . [A] plaintiff must show that the disparities between the successful applicant's and his own qualifications were of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff.
> [quoting Springer v. Convergys Customer Mgt. Grp. Inc., 509 F.3d 1344, 1349 (11th Cir. 2007)] (citations and quotations omitted). Thus, "[w]hen analyzing the issue of pretext, the [f]ederal courts do not sit as a super-personnel department that reexamines an entity's business decisions." Johnson v. Secretary, U.S. Dept. of Veterans Affairs, 517 F. App'x 933, 936 (11th Cir. 2013).

Report at 10-11. Applying this standard, and in response to Pittman's argument that she was more qualified than the other male candidates, the Magistrate Judge found that

> Plaintiff has not even argued, much less shown that "no reasonable person . . . could have chosen" Mr. Conroy over her. Rather, the undersigned recommends that Plaintiff's arguments regarding qualifications essentially ask the Court to reexamine Defendant's business decision to select Mr.

3

Conroy instead of her, which the Court should not do.

Id. at 11-12 (quoting Springer, 509 F.3d at 1349).

In reaching his conclusion, the Magistrate Judge considered Pittman's various arguments regarding the alleged untruthful and inconsistent reasons Johnson & Johnson presented regarding the change in Pittman's promotion "readiness" status, the alleged shifting reasons for why she was not selected for the position, and the purported inconsistencies in Johnson & Johnson's hiring process. Id. at 11-21. In regards to these arguments he concluded that "even when making all reasonable inferences from the evidence in Plaintiff's favor, and considering all of Plaintiff's arguments both individually and collectively, there is no genuine issue of material fact regarding pretext." Id. at 11. As particularly relevant for the purposes of the Objections, the Magistrate Judge considered a November 5, 2015 email proffered by Pittman as evidence that Johnson & Johnson articulated a <u>new</u> set of selection criteria for the position <u>only after</u> identifying the individuals to be interviewed. Id. at 18. In reference to the November 5, 2015 email, the Magistrate Judge stated that

> this email does not indicate that the . . . criteria . . . had been developed after the interviewees were selected. In fact, [the decision maker] relied on the . . . criteria when explaining why numerous candidates, including [Pittman], were not selected for an interview. Moreover, [the decision maker] testified that the . . . criteria were developed and used in conjunction with the job description, and that the . . . criteria were not exhaustive, but rather "the top five to focus on."

Id.

In the end, the Magistrate Judge stated that he

> considered all the evidence and Plaintiff's arguments individually and in combination, and . . . recommends that the evidence does not reveal such "weaknesses, implausibilities, and inconsistencies, incoherencies or contradictions" in Defendant's proffered reason to promote Mr. Conroy

4

> instead of Plaintiff "that a reasonable factfinder could find unworthy of credence." See Furcron, 843 F.3d at 1313-14. The undersigned [Magistrate Judge] further recommends that the evidence does not show that "no reasonable person . . . could have chosen" Mr. Conroy over Plaintiff. See Springer, 509 F.3d at 1349.

Id. at 23. Accordingly, the Magistrate Judge recommended that the Court find that no genuine issues of material fact exist for trial on the issue of pretext, and that summary judgment should be entered in favor of Johnson & Johnson. Id.

## II. Summary of the Arguments

In her Objections to the Report, Pittman raises two primary arguments as well as a more generalized objection to the Magistrate Judge's evaluation of the record. First, she contends that the Magistrate Judge applied the wrong standard for evaluating a "promotional discrimination case when a plaintiff alleges pretext in addition to greater qualifications." Objections at 1. In this regard, Pittman argues that her pretext argument is not based solely on her assertion that she was more qualified than Conroy for the advanced position. Id. Instead, she asserts that her pretext argument is also supported by what she identifies as Johnson & Johnson's "inconsistent post-hoc" explanations for not promoting her. Id. at 2. She maintains that where "qualifications disparity is not the sole basis for arguing pretext, the disparity need not be so dramatic to support an inference of pretext." Id. at 1-2 (citing Vessels v. Atlanta Indep. Sch. Sys., 408 F.3d 763, 772 (11th Cir. 2005)). Accordingly, Pittman argues that the Magistrate Judge should have evaluated her pretext argument under the more flexible standard laid out in Vessels, rather than what she describes as the higher standard articulated in Springer. Second, Pittman contends that in evaluating the record on summary judgment, the Magistrate Judge made an impermissible inference in favor of Johnson & Johnson when he

5

concluded that the November 5, 2015 email did not suggest that the company developed the selection criteria for interviewees only after selecting the individuals to be interviewed. Objections at 11-12. Pittman also broadly challenges the Magistrate Judge's evaluation of the record in regard to her argument that Johnson & Johnson's hiring process was inconsistent and faulty, and that the company presented "after-the-fact" and "shifting" justifications for not promoting her. Id. at 8-25.

In its Response, Johnson & Johnson argues that the Magistrate Judge used the proper standard to evaluate Pittman's claim of pretext. Response to Objections at 10-11. The company also argues that the Magistrate Judge properly rejected Pittman's arguments that the summary judgment record allowed for a reasonable inference that genuine issues of material fact existed regarding the reasons Johnson & Johnson gave for not promoting Pittman, the validity of its hiring practices, as well as whether Pittman was less qualified than Conroy. See generally id. Accordingly, Johnson & Johnson argues that the Court should overrule Pittman's Objections, and adopt the Magistrate Judge's Report. Id. at 11.

### III. Discussion

For the reasons stated by the Magistrate Judge in the Report, the Court finds that Pittman has not "come forward with evidence . . . sufficient to permit a reasonable factfinder to conclude that the reasons given by the [Defendant] were not the real reasons for the adverse employment decision." Furcron, 843 F.3d at 1313. To the extent Pittman contends the Magistrate Judge applied the incorrect standard when evaluating her pretext argument, a de novo review of the record and relevant law does not support her objection. In support of her pretext argument, Pittman asserts that she does not rely solely on her

allegations that she was more qualified than Conroy.  Rather, she argues that the record on summary judgment also raises genuine issues of material fact regarding whether Johnson & Johnson engaged in an inconsistent and discriminatory hiring process, and whether the company presented a series of shifting and after-the-fact justifications for why she was not qualified for the new position as well as for why it lowered her "readiness" status for advancement.  Objections at 1-2, 8-25.  As such, she contends that because "qualifications disparity is not the sole basis for" her pretext argument, see id. at 1-2 (citing Vessels, 408 F.3d at 772), the Magistrate Judge erred in applying the standard articulated in Springer, see id. at 1 (citing Springer, 509 F.3d at 1349).  However, upon review of the record, the Court finds that the Magistrate Judge applied the appropriate legal standard.  Notably, Pittman cites no Eleventh Circuit authority for the proposition that the analysis set forth in Springer is as limited as she contends.  Moreover, Pittman's objection ignores the Magistrate Judge's findings that after considering all of her pretext arguments individually and collectively, she failed to present evidence to create a genuine issue of material fact on the question of pretext.  Thus, even if Springer were limited to cases in which a qualifications disparity is the sole basis for arguing pretext, Pittman has not shown that, having found no other triable issue as to pretext, the Magistrate Judge erred in following Springer as proper precedent.

Moreover, to the extent Pittman objects to the Magistrate Judge's assessment of the facts as to either her asserted qualifications for the position, or Johnson & Johnson's stated reasons for why Pittman was not qualified for the post, the objections are due to be overruled because the Magistrate Judge's conclusions are fully supported by the

record.[1]  Indeed, a review of the Objections fully supports the Magistrate Judge's review of the record.  Even in the Objections, Pittman fails to identify specific genuine issues of fact and instead continues to quarrel with Johnson & Johnson's business judgments.  But as the Magistrate Judge correctly observed, the Court does not "sit as a super-personnel department that reexamines an entity's business decisions."  Report at 23 (citations omitted).  As such, the Magistrate Judge correctly concluded that Pittman raised no genuine issue for trial and that summary judgment is due to be entered in favor of Johnson & Johnson against Pittman in this action.

Accordingly, after conducting an independent de novo review of the record and Pittman's Objections, the Court overrules the Objections and accepts and adopts the legal and factual determinations recommended by the Magistrate Judge.

In light of the foregoing, it is hereby **ORDERED**:

1) Plaintiff, Mary Ann Pittman's Exceptions and Objections to Magistrate's Report and Recommendation as to Summary Judgment Motion (Doc. 39) are **OVERRULED**.

---

[1] The Court notes that Pittman also argues that the Magistrate Judge made an impermissible inference in favor of Johnson & Johnson in evaluating the November 5, 2015 email.  Pittman argues that the email supports an inference that after Johnson & Johnson identified the individuals it was going to interview for the new position, the company articulated a new set of criteria to support its selection of the interviewees, and that Judge Toomey erred in inferring otherwise.  Objections at 11-12.  Having engaged in an independent and de novo review of the record, the Court concludes that the Magistrate Judge did not make an impermissible inference in favor of Johnson & Johnson when reviewing the November 5, 2015 email.  The email states: "All – . . . I have spent the last few weeks assessing over 12 candidates for the . . . position . . . . We have condensed this down to one internal and one external candidate. . . . Key criteria for selection [includes the following . . . .]"  Doc. 24-10 at 53 (November 5, 2015 email) (emphasis added).  Moreover, as noted by the Magistrate Judge, the decision maker's deposition testimony reflects that the criteria were applied throughout the process of evaluating candidates who would be interviewed.  Pittman's argument that the email should be read as suggesting the company identified new criteria after selecting the finalists to be interviewed finds no support in the record and indeed is contrary to the only record evidence regarding the selection process.  As such, it constitutes no more than a scintilla of evidence that does not create a genuine issue for trial.

2) The Magistrate Judge's Report and Recommendation (Doc. 35) is **ADOPTED** as the opinion of the Court.

3) Defendant, Johnson & Johnson Vision Care, Inc.'s Motion for Summary Judgment (Doc. 21) is **GRANTED**.

4) The Clerk of the Court is directed to enter judgment in favor of Defendant Johnson & Johnson Vision Care, Inc., and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 20th day of September, 2019.

MARCIA MORALES HOWARD
United States District Judge

lc26

Copies to:

Counsel of Record
Pro Se Parties